Pages: 5

FILED
September 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002957928

1

**Fredrick E. Clement**
Attorney at Law

2    1300 West Street, Suite C
Redding, CA 96001

3    (530) 229-3900
Email: fredrick@fredrickclementlaw.com

4    State Bar No. 132520

5

Attorney for Creditor Roger W. Howell

6

7

8

9    IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO DIVISION

11

12

13    In re:                              Case No.  10-32269

14                                        DCN:      DMB-1

15              Jane Shea,                Date:     October 21, 2010
                                          Time:     9:00 a.m.

16                                        Loc.:     Courtroom 28, Dept. A
                        Debtor(s).                  501 I Street, 7th Floor

17                                                  Sacramento, CA  95814

18                                        Judge:    Michael McManus

19

20

21

22                    **Opposition to Debtor Jane Shea's**
              **Motion to Avoid Lien of Roger W. Howell**

23                    **[11 U.S.C. §522(f)(1); FRBP 9014]**

24

25

26

27

28

Fredrick E.
Clement,
Attorney at
Law
1300 West St.,
Suite C
Redding, CA
96001
(530) 229-3900

Opposition to Motion to Avoid Lien

1

**Issue**

May the Debtor avoid a lien that doesn't exist?

**Introduction**

Roger J. Howell and Rose Howell are the parents of Roger W. Howell, Joseph D. Howell and Jane Shea (also known as Jane Shea Howell). The Howells executed The Howell Family Revocable Trust Established March 25, 1987. Originally, the trustees were Roger J. Howell and Rose Howell.

In 2001, an amendment was signed and the trust became known as the "Amendment and Restatement of The Howell Family Revocable Trust Established March 25, 1987." Among the properties owned by the trust were: A commercial building located at 1912 West Olive, Burbank, California; a residence located at 2 Enterprise Court, Red Bluff, California; and unimproved land known as Lucknow Avenue, Red Bluff, California. In its simplest form, the distribution scheme provided that on the death of both of the settlers, the Burbank property would pass to Roger W. Howell, and the rest of the trust property would be divided between Joseph D. Howell and Jane Shea.

Roger J. Howell died in 2003.

Rose Howell was the surviving trustee.

In 2008, contending that Rose Howell had become incapacitated and that Jane Shea had appropriated trust assets and monies to her personal use, Roger H. Howell brought an action in the Tehama County Superior Court. (In the Matter of The Howell Family Trust (Tehama County Superior Court Case No. PR14242)) The Superior Court agreed and on August 1, 2008, issued its "Memorandum of Decision." That decision removed Rose Howell as trustee. The court named Joseph D. Howell as the sole trustee.

Later, Roger W. Howell brought a Probate Code section 850 petition to recover to recover trust assets. This action settled. In the settlement, Jane Shea agreed to pay Roger W. Howell $183,512.63. When she failed to follow through with the settlement, Roger W. Howell moved under Code of Civil Procedure section 664.6 to convert the settlement to judgment. The judgement provided: "...[J]udgment is hereby entered against Jane Shea Howell and in favor of Roger W. Howell in the amount of...$183,512.63 pursuant to Code of Civil Procedure section 664.6." The court also assigned Jane Shea's interest to her brother ordering, "It is further ordered that Jane Shea Howell's beneficial interest

1  in the Howell Family Trust be assigned to Roger W. Howell, in the amount of $183,512.63, with values
2  to be determined by appraisal as of the date of this judgment." (Exh. C)

3  On October 22, 2009, Roger W. Howell recorded an abstract of judgment in the Office of the
4  Tehama County Recorder.

5  The trust has never distributed 2 Enterprise Court, Red Bluff, California; and unimproved land
6  known as Lucknow Avenue, Red Bluff, California, to Jane Shea.

7  On May 10, 2010, Jane Shea filed a petition pursuant to Chapter 7 of Title 11 of the United States
8  Code. On Schedule A she claimed a fee ownership in 2 Enterprise Court, Red Bluff, California, valuing
9  it at $180,000.00 and a fee ownership in "Unimproved real property located at Lucknow Avenue, Red
10  Bluff, California, valuing it $35,000.00.

11  The instant motion to avoid the lien against 2 Enterprise Court, Red Bluff, California, followed.

12  **Memorandum of Points and Authorities**

13  **I.  Assigned to Roger W. Howell eight months before the petition, the Debtor had no interest
to homestead in 2 Enterprise Court, Red Bluff, California.**
14

15  Bankruptcy Code section 522(f)(1) authorizes the court to avoid a lien that impairs an exemption
16  when the Debtor has some interest in the property. (11 U.S.C. §522(f)(1) ("...the debtor may avoid the
17  fixing of a lien on an interest of the debtor in property..."); see also, In re Donaldson, 156 B.R. 51, 52
18  (Bankr. N.D. Cal. 1993); In re Moffat, 107 B.R. 255, 259-260 (Bankr. C.D. Cal. 1989); March, Ahert
19  & Tchaikovsky, California Practice Guide: Bankruptcy Exemptions §§7:500-7:502 (Rutter Group
20  2009))

21  On March 10, 2010, the Debtor had no interest in the property or in the trust that owned the
22  property, as that interest had been extinguished by judgment of the Tehama County Superior Court on
23  September 15, 2009, which provided, "It is further ordered that Jane Shea Howell's beneficial interest
24  in the Howell Family Trust be assigned to Roger W. Howell, in the amount of $183,512.63, with values
25  to be determined by appraisal as of the date of this judgment." (Exh. C) The amount of the assignment
26  in favor of Roger W. Howell exceeded $183,000. But the Debtor claimed the value of the property was
27  only $180,000. Accordingly, even if a beneficial interest in a trust, which itself owns the property in
28  question, is a sufficient basis to claim a homestead exemption, no such interest existed on the petition

1 | date.

2

3 | **II.    Assuming some residual interest remained in the Debtor after the judgment of September 15, 2009, the Debtor may not avoid a lien that doesn't exist.**

4

5 | Recordation of an abstract of judgment creates a lien on property owned by the judgment debtor within the county in which the abstract was recorded. (Federal Deposit Ins. Corp. v. Charlton, 17

6 | Cal.App.4th 1066, 1069 (1993))

7

8 | But Code of Civil Procedure section 697.340(a), which describes scope of the lien specifically excludes beneficial interests of trusts:

9

10 | A judgment lien on real property attaches to all interests in real property in the county where the lien is created...but does not reach rental payments, a leasehold estate with an

11 | unexpired term of less than two years, the interest of a beneficiary under a trust, or real property that is subject to an attachment lien in favor of the creditor and was transferred

12 | before judgment. (See also, Fidelity Nat'l Title Ins. Co. v. Schroeder, 179 Cal.App.4th

13 | 834, 848-850, fn. 13)

14 | Since the Debtor owned only a beneficial interest, if any interest at all, in the 2 Enterprise Court

15 | property, on October 22, 2009, when the abstract recorded, there is no lien to avoid. (Decl. of Joseph

16 | Howell; Decl. of Shea, page 1, lines 21-24)[1]

17

18 | **III.   Even if the Debtor was still seized of her beneficial interest in the trust, that is not a basis to claim a homestead.**

19

20 | A mere beneficial interest in a trust, which itself owns the property subject the involved, is an

21 | insufficient basis to claim an exemption. (In re Barnes, 275 B.R. 889 (Bankr. E.D. Cal. 2002)

22 | (McManus, J.) As the court in Barnes explained, the beneficiaries of a trust own the beneficial interest

23 | in the trust, they do not own the trust's assets and, therefore, cannot claim an exemption in those assets.

24 | In this case, the Debtor admits she had only a beneficial interest in trust assets, "At the time of

25 | the filing of this bankruptcy, I had a beneficial interest in property currently held in trust only waiting

26

27 | [1]    Creditor Roger W. Howell believes the Debtor's beneficial interest in the trust was properly assigned to him by the terms of the September 15, 2009, judgment. (Code of Civ. Proc. 709.010(b))

28

---

1 for disbursement...". (Decl. of Shea, page 1, lines 21-24)  That evidence is bolstered by the declaration

2 of Joseph Howell, trustee of The Howell Family Revocable Trust Established March 25, 1987  (Decl.

3 of Joseph Howell)  But the Debtor does not seek to exempt her beneficial interest in the trust.  (Exh. D

4 (Schedule C))  Instead, she claims a $175,000 homestead in  2 Enterprise Court.

5

6 ## Conclusion

7 Creditor Roger W. Howell prays that the court deny this motion.

8 Dated: September 28, 2010

9

10

11 _____

Fredrick E. Clement
12 Attorney for Creditor Roger W. Howell